1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,

11         Plaintiff,                    No. 2:10-cr-0211 GEB KJN

12      v.

13   ANJENETTE BROWN,

14         Defendant.            <u>ORDER</u>
                                                   /
15   _____

16         Presently pending before the court is defendant Anjenette Brown's request for

17   release pending appeal, filed on February 14, 2013.  (Dkt. No. 391.)  On February 21, 2013, the

18   United States of America ("United States") filed an opposition to defendant's request.  (Dkt. No.

19   395.)  A hearing on defendant's request was conducted on February 27, 2013.  (Dkt. No. 396.)

20   For the reasons stated at the hearing, the court granted defendant an additional seven days, until

21   March 6, 2013, to file any supplemental briefing in support of the request.  (<u>Id.</u>)  Although that

22   deadline has now passed, defendant has not filed any such supplemental briefing.

23         After considering the parties' briefing, the oral argument at the hearing, and other

24   appropriate portions of the record, the court denies defendant's request for release pending

25   appeal.

26   ////

                                         1

1   BACKGROUND

2            The facts concerning defendant's sentencing and the associated procedural history

3   are essentially undisputed.  On August 29, 2012, defendant was sentenced to a two-month term

4   of imprisonment and other conditions, with an extended self-surrender date of November 16,

5   2012.  (Dkt. No. 331.)[1]  In the course of the hearing, the court and the parties discussed the

6   possibility of intermittent confinement, permitting defendant to serve her term on weekends.

7   However, there were various logistical concerns that needed to be addressed to accommodate

8   such a sentence.  Therefore, the court sentenced defendant to a regular two-month term, but

9   indicated that if a workable intermittent confinement schedule could be worked out prior to the

10  self-surrender date, the court would be willing to entertain such a request.  Counsel for the

11  United States agreed to this general framework, and indicated that defense counsel had the

12  United States's consent to file a stipulation and proposed order requesting a modification to

13  intermittent confinement without prior notice to the United States.  A judgment was entered on

14  September 10, 2012.  (Dkt. No. 336.)

15           Subsequently, it was determined that intermittent confinement would be feasible,

16  but that modifying defendant's sentence to intermittent confinement could not be accomplished

17  by stipulation as originally intended; instead, the court would have to re-sentence defendant.  On

18  October 24, 2012, the undersigned, over the United States's jurisdictional objections, re-

19  sentenced defendant to, *inter alia*, two months of intermittent confinement.  (Dkt. No. 357.)  An

20  amended judgment was accordingly entered on October 30, 2012.  (Dkt. No. 364.)

21           On November 7, 2012, the United States appealed the modified sentence imposed

22  by the undersigned to the district judge.  (Dkt. No. 368.)  The United States primarily argued that

23  the undersigned did not have jurisdiction to re-sentence defendant.  Thereafter, the district judge

24  ruled in favor of the United States, found that the undersigned lacked jurisdiction to re-sentence

25  _____

26  [1] The parties have since stipulated to extend defendant's self-surrender date.  Defendant's
    presently ordered self-surrender date is March 18, 2013.  (Dkt. No. 394.)

2

1   defendant, vacated the amended judgment, and reinstated the original judgment, whereupon

2   defendant filed a notice of appeal in the Ninth Circuit.  (Dkt. No. 388, 389.)  That appeal remains

3   pending, and the instant request for release pending appeal followed.  (Dkt.  No. 391.)

4   DISCUSSION

5          Generally, a defendant "who has been found guilty of an offense and sentenced to

6   a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari" shall be

7   ordered detained, unless the court finds: "(A) by clear and convincing evidence that the person is

8   not likely to flee or pose a danger to the safety of any other person or the community if

9   released...and (B) that the appeal is not for the purpose of delay and raises a substantial question

10   of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does

11   not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less

12   than the total of the time already served plus the expected duration of the appeal process."  18

13   U.S.C. § 3143(b)(1).

14          In this case, the United States does not dispute that defendant is neither a flight

15   risk nor a danger to the community.  Instead, the United States opposes defendant's request for

16   release pending appeal on the basis that defendant's appeal does not raise a substantial question

17   of law or fact likely to result in reversal.

18          A court need not find that defendant will probably prevail on appeal to find that a

19   substantial question of law or fact exists; "the word 'substantial' defines the level of merit

20   required in the question raised on appeal, while the phrase 'likely to result in reversal' defines the

21   type of question that must be presented."  United States v. Handy, 761 F.2d 1279, 1280-81 (9th

22   Cir. 1985).  A substantial question "is one that is fairly debatable, or fairly doubtful.  In short, a

23   substantial question is one of more substance than would be necessary to a finding that it was not

24   frivolous."  Handy, 761 F.2d at 1283; see also United States v. Montoya, 908 F.2d 450, 450 (9th

25   Cir. 1990).

26   ////

1       The undersigned finds that defendant's appeal does not raise a "substantial

2   question of law or fact" for purposes of 18 U.S.C. § 3143(b)(1).  To be sure, the undersigned,

3   with the view of accomplishing substantial justice, re-sentenced defendant in an attempt to

4   effectuate the parties' and the court's original intent to allow defendant to serve a sentence of

5   intermittent confinement if such an arrangement could be worked out.  Nevertheless, after

6   reversal by the district judge and the benefit of further briefing and oral argument from the

7   parties, the undersigned concludes that he lacked jurisdiction to re-sentence defendant.  The

8   Ninth Circuit has held that:

9           A court generally may not correct or modify a sentence of
            imprisonment once it has been imposed.  18 U.S.C. § 3582(c).  A
10          court may modify such a sentence only "to the extent otherwise
            expressly permitted by statute or by Rule 35 of the Federal Rules of
11          Criminal Procedure."  18 U.S.C. § 3582(c)(1)(B).  Federal Rule of
            Criminal Procedure 35(a) states: "Within 14 days after sentencing,
12          the court may correct a sentence that resulted from arithmetical,
            technical, or other clear error."  This and other circuit courts have
13          held that the fourteen-day deadline is jurisdictional, thus divesting
            the district court of the power to amend the sentence after fourteen
14          days.

15   U.S. v. Aguilar-Reyes, 653 F.3d 1053, 1055 (9th Cir. 2011).  Federal Rule of Civil Procedure

16   35(a) does not aid defendant here, because re-sentencing occurred more than fourteen (14) days

17   after the original sentencing and the original judgment was entered.  Furthermore, none of the

18   exceptions in 18 U.S.C. § 3582(c) apply; for example, although 18 U.S.C. § 3582(c)(1)(A)(i)

19   appears to allow, at least under some circumstances, for modification of an imposed term of

20   imprisonment based on "extraordinary and compelling reasons," a motion for such relief must be

21   made by the Director of the Bureau of Prisons.

22       Defendant argues that strict adherence to these authorities elevates form over

23   substance, essentially appealing to the court's general sense of fairness and justice.  While the

24   court is sympathetic to defendant's position, these concerns are not sufficient to confer

25   jurisdiction where none exists.  Even though the court provided defendant with an opportunity to

26   submit supplemental briefing identifying any statutes or case law conferring jurisdiction on the

1  court to re-sentence defendant under the unusual circumstances present here, defendant has not

2  done so, likely because no such authorities exist.

3          Therefore, because the underlying facts and procedural history related to

4  defendant's sentencing are undisputed, and the applicable law is settled, the undersigned cannot

5  find that defendant's appeal raises a "substantial question of law or fact" for purposes of 18

6  U.S.C. § 3143(b)(1).

7  CONCLUSION

8          Accordingly, IT IS HEREBY ORDERED that defendant's request for release

9  pending appeal (dkt. no. 391) is DENIED.

10  DATE:  March 7, 2013

11

12                                _____

13                                KENDALL J. NEWMAN
                                  UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26